**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4666**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES SILAS TUCKER, III,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, District Judge. (CR-01-252)

---

Submitted: January 7, 2005          Decided: January 25, 2005

---

Before KING, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Frank W. Dunham, Jr., Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Peter S. Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Silas Tucker, III appeals the district court's order revoking his supervised release and sentencing him to twelve months and one day of imprisonment. We affirm.

We review a district court's order imposing a sentence after revocation of supervised release for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court abuses its discretion when it fails or refuses to exercise its discretion or when its exercise of discretion is flawed by an erroneous legal or factual premise. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. See 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2004). Moreover, because Tucker's sentence does not exceed the statutory maximum sentence under § 3583(e)(3), we review the sentence only to determine whether it is "plainly unreasonable." See 18 U.S.C. § 3742(a)(4) (2000).

On appeal, Tucker argues that the district court abused its discretion in determining his sentence because it failed to consider numerous mitigating factors. We have held that, in a sentencing hearing, "[a] court need not engage in a ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if . . . the district court rules on issues that have been fully presented for determination.

Consideration is implicit in the court's ultimate ruling." <u>Davis</u>, 53 F.3d at 642. Our review of the record of the revocation hearing leads us to conclude that the district court did not abuse its discretion, and that Tucker's sentence is not plainly unreasonable.

We accordingly affirm the order of the district court revoking Tucker's supervised release and imposing a term of imprisonment of twelve months and one day. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>